Yirghn, J.
The question presented by the report is, whether upon the evidence the plaintiff can maintain this action against one holding under the Perkins levy. The defendant having cut the hay sued for, as the servant for L. E. & A. A. Chapman, the immediate grantees of Perkins, the decision depends upon the construction of the excepting clause, in the deed of Littlehale to the plaintiff, of July 7, 1869.
The deed of Bradley to Littlehale described the premises therein as being “ all that part of lot numbered three, range seven, which lies on the northwardly, or westwardly, or northwestwardly side of the river or principal stream running through the lot.”
The deed of Littlehale to the plaintiff adopts the same language, and then proceeds: “Excepting a certain set-off, of some twenty-five or less acres, to one Luther Perkins of Oxford. The meaning and intent of this deed is to convey to the said Hezekiah S. Pingree all of said lot, with the same metes and bounds, title, &e., as was conveyed to me, excepting the above set-off. And in case the set-off should be fully satisfied, or lawfully obtained by the said H. S. Pingree, or any one claiming under him, then this deed is to be effectual on all of said lot, according to the tenor of the above mentioned deed to me.”
From the other deeds in the case it would seem that the whole of .lot No. 3 contained about two hundred acres, one hundred and fifty acres lying on the northwest side of Sunday river, and on twenty-five acres of which Perkins extended his execution.
' Bradley’s deed to Littlehale was a deed of release without any covenants; while Littlehale’s to the plaintiff was a deed of warranty.
The levy was admitted by the parties to this action, regular in all respects. Littlehale seemed willing to convey with bovenants of warranty all the land described in the deed of release, except *19 that covered by the levy; but this was expressly excepted. If the exception Tad been unqualified, no doubt could have arisen as to the construction of the deed ; for such as was excepted could not pass.
But the grantor, by an inexperienced conveyancer, undertakes to modify the exception, so that the deed shall convey the whole land described without exception, in case the levy should be satisfactorily or lawfully obtained by Pingree, or any one claiming under him. If the levy was valid, and held the title, whoever lawfully obtained it would hold the land, and the deed would not convey the title.
The only rational construction we perceive .is, that the deed excepted the land covered by the levy, or conveyed it charged with the levy.

Case to stand for trial for alleged trespass on land not covered by the levy.

Appleton, C. J., Walton, Dickerson, Barrows and Peters, JJ., concurred.